QUIN DENVIR - #049374
Federal Defender
MARK A. LIZÁRRAGA - #186240
Assistant Federal Defender
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorney for Defendant
WILLIAM D. POWELL

FILED
2005 JUN 16 A 11: 23
CLERK, US DIST. COURT
EASTERN DIST. OF CALIF
AT FRESNO
BY_____
         DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff/Appellee,<br><br>v.<br><br>WILLIAM D. POWELL,<br><br>        Defendant/Appellant. | NO. 1:02-cr-5348 OWW<br><br>[~~PROPOSED~~] ORDER RE DEFENDANT'S/APPELLANT'S APPEAL TO VACATE SENTENCE AND REMAND FOR RE-SENTENCING BEFORE DIFFERENT MAGISTRATE JUDGE |

The Court, having considered Defendant/Appellant William D. Powell's ("Powell") opening brief filed on February 28, 2005, the government's response filed on March 28, 2005, Powell's reply filed on April 13, 2005, as well as having heard the parties' oral arguments on May 10, 2005, and for the reasons stated in the Court's oral findings of fact and conclusions of law announced on May 10, 2005, hereby rules as follows:

Powell's sentence of December 1, 2004 is vacated and the case is remanded to a magistrate judge, other than the Honorable Sandra M. Snyder, to be selected at random for re-sentencing of Powell on a violation of his limited supervised probation.

The Court bases its decision on the following findings of fact and conclusions of law:

1. Federal Rules of Criminal Procedure ("FRCP") 32 applies to the sentencing on a violation of supervised release and/or probation.

2.    At a hearing on revocation of supervised release and/or probation, FRCP 32.1 affords a defendant the right to appear, present evidence on his own behalf, question adverse witnesses and to the assistance of counsel.

3.    FRCP 32 and 32.1 read coterminously provide a defendant with due process protections at a probation revocation hearing like the right to an attorney, the right of allocution, etc., and, by a parity of reasoning, the requirement of Rule 32 that a defendant be present must likewise govern proceedings covered by Rule 32.1.

4.    Under FRCP 32.1, a judge has the authority to determine that a witness not appear if the interest of justice does not require it. The magistrate here had the power to make such a finding, but did not.

5.    FRCP 43 provides a defendant with the right to be present in the courtroom during a sentencing proceeding covered by FRCP 32 and 32.1.

6.    The government and/or the probation officer have the obligation, if they desire protection and sequestration of a witness, to make the necessary application to get a protective order. Here, neither the government nor the probation officer made such a request for a protective order.

7.    There is no evidence in the record regarding what the magistrate considered prior to excluding the defendant from the courtroom, and no evidence of any notice or opportunity provided the defendant to be heard regarding the decision to exclude him from the courtroom.

8.    The magistrate's decision to exclude the defendant from the courtroom was a denial of the defendant's due process rights in that the defendant could not be fully seen from the courtroom, could not himself see into the courtroom, and at times he could not hear the proceedings. In addition, the defendant could not assist in his own defense; the defendant could not effectively communicate with his attorney, or provide information, questions, etc., to aid at the vital stage of cross-examination of the government's witness during the hearing.

9.    In the interest of objectivity and for the appearances of fairness, the defendant's case is to

1 | be remanded to a different, randomly selected magistrate for re-sentencing.

2 | IT IS SO ORDERED.

3 | Dated: May 27, 2005

The Hon. OLIVER W. WANGER
U.S. District Court Judge for the
Eastern District of California