IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. POWELL,<br><br>            Petitioner,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | No. CV-F-05-606 OWW<br>(No. CR-F-02-5348 OWW)<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. 85) AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |

On May 5, 2005, Petitioner William D. Powell, *proceeding in pro per*, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner was charged with possession of a firearm in a federal facility, a Class A misdemeanor, in violation of 18 U.S.C. § 930(a). Petitioner consented to proceed before the United States Magistrate Judge. (Doc. 4). Petitioner pleaded guilty pursuant to a written Plea Agreement. (Docs. 24 & 26). Petitioner was sentenced on September 17, 2003, to a $300 fine

1

and a one-year term of supervised release.  (Doc. 30).
Petitioner did not appeal his conviction or sentence.

On June 14, 2004, a Petition for Warrant or Summons for Offender Under Supervision was filed.  (Doc. 32).  Petitioner was arrested and ordered detained.  (Doc. 36).  Petitioner was represented by Federal Defender Mark Lizarraga.  A Superseding Petition for Warrant or Summons for Offender Under Supervision was filed on October 6, 2004, alleging three violations of the terms of supervised release.  (Doc. 39).  On October 8, 2004, Petitioner admitted Charge 2 of the Superseding Petition, with the proviso that Charges 1 and 3 would be dismissed at the time of sentencing.  (Doc. 40).   Petitioner filed a Sentencing Memorandum on December 1, 2004.  (Doc. 68).  After a sentencing hearing on December 1, 2004 before Magistrate Judge Snyder, Petitioner was sentenced to 9 months in custody and a 12-month term of supervised release.  (Docs. 69-70).  On December 7, 2004, Petitioner filed an appeal to the District Court of his sentence based on a violation of Rule 43, Federal Rules of Criminal Procedure during the December 1, 2004 hearing.  (Docs. 71 & 77).

During the briefing of the appeal, Petitioner, acting *in pro per*, filed his Section 2255 motion.

Petitioner's appeal was granted; his sentence was vacated and the matter remanded to a randomly assigned Magistrate Judge other than Magistrate Judge Snyder for resentencing.  (Docs. 87 & 96).

On February 1, 2006, Petitioner, then represented by Federal

Defender Melody Walcott,[1] was sentenced by Magistrate Judge Beck for the admitted supervised release violation to 9 months in custody with 9 months credit for time served and no term of supervised release.  (Docs. 107 & 111).  On February 13, 2006, Petitioner filed a Notice of Appeal from the Judgment for Revocation of Probation.  (Doc. 110).[2]

Petitioner's Section 2255 motion asserts that he was denied his right of self-representation, contending that "on Dec. 1, 2004, the Judge informed me I could not represent myself."

Because Petitioner's Section 2255 motion was filed during the pendency of his appeal to the District Court, the motion is premature.  *See Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir.1987).  Nonetheless, Petitioner's claims are without merit.  The transcript of the sentencing proceedings before Magistrate Judge Snyder on December 1, 2004 (Doc. 98), reveals no request by Petitioner to represent himself.  A defendant has a constitutional right to represent himself in a criminal trial.  *Faretta v. California*, 422 U.S. 806 (1975).  However, because a defendant who wishes to represent himself gives up many benefits associated with the right to counsel, the decision to represent himself must be knowing, intelligent and voluntary.  In addition, the request for self-representation must be unequivocal.  *Jackson v. Ylst*, 921 F.2d 882, 888 (9th Cir. 1990).  The only statement

---

[1] **Federal Defender Walcott was substituted as counsel for Petitioner on October 21, 2005.  (Doc. 100).**
[2] **Petitioner's appeal will be addressed by separate Memorandum Decision and Order.**

by Petitioner at the December 1, 2004 hearing that might conceivably relate to self-representation is the following:

> THE DEFENDANT: No, what I'm talking about her [Lisa Garofalo] statement from here is a charade.
>
> THE COURT: Well, let's find out. Let's find out. Mr. Lizarraga has strongly represented your interests in chambers. He's very - he agrees with you, and he's very upset with all of this, so you have excellent representation regarding that, and he's your mouthpiece.
>
> THE DEFENDANT: I beg to differ there, but --
>
> THE COURT: Well, I've had a lot of experience with lawyers over the years, and every case is different, and I understand, Mr. Powell, everybody knows, and Mr. Horner assures me, and everybody assures me that you are an extremely bright man, very bright. Brighter than most, and I don't take exception with that, or disagree with it. I think that probably were things differently, you might be able to represent yourself down the road. Maybe you should go to law school when this is all over, given all your experiences.
>
> But nonetheless, we've got the system we've got, we're stuck with it one way or the other. Mr. Lizarraga has done his homework. He --
>
> THE DEFENDANT: And I have had a (unintelligible), represent, and then if it's done, and then you are allowed to ask some questions, because I obviously am not going to be able to.

[RT 5:1-24]. To the extent that Petitioner intended to request that he be allowed to represent himself at the December 1, 2004 sentencing hearing, his request, which is ambiguous, if not unintelligible, was not unequivocal. At most, Petitioner expressed reservations about Mr. Lizarraga's representation of

Petitioner in the proceedings before the Court.  At no time during the December 1, 2004 sentencing hearing did Petitioner request to be allowed to exercise his constitutional right of self-representation.

Petitioner further claims that he was denied his right of self-representation with the assistance of counsel, contending that Mr. Lizarraga "would not present my defense."  Petitioner contends that he was denied the effective assistance of counsel:

> Federal Defender refused to argue my defense.
> Federal Defender did not argue Probation Officer's dispositional memorandum the Judge used in sentencing made up of misleading and inaccurate statements.

Petitioner's claims are without merit.  The transcript of the December 1, 2004 sentencing hearing establishes that Petitioner believed that Ms. Garofalo and various state officials lied in state court proceedings leading to his *nolo contendere* plea on March 29, 2004 to a misdemeanor violation of a restraining order issued by the Stanislaus Superior Court and that Ms. Garofalo lied to the Federal Probation Officer in connection with the dispositional memorandum.  Mr. Lizarraga raised the credibility of Ms. Garofalo both in the Sentencing Memorandum, (Doc. 68), and during his examination of Ms. Garofalo at the December 1, 2004 hearing and in his argument to Magistrate Judge Snyder.  Petitioner's arguments and assertions that his state misdemeanor conviction, which led to the filing of the Superseding Petition was a frameup and marred by lying witnesses, District Attorneys, and collusive judges is not a defense to the

5

Superseding Petition.  Petitioner pleaded *nolo contendere* to the state charge.  If Petitioner believes that the state charge and his *nolo contendere* plea were unconstitutionally or illegally obtained, his remedy, as Magistrate Judge Snyder pointed out, is to first challenge that conviction in state court and then bring a petition for habeas corpus pursuant to 28 U.S.C. § 2254 in federal court.  Because Petitioner did not challenge his state court conviction in state court, this Court has no jurisdiction to consider his contentions.  Mr. Lizarraga's failure to present a futile defense is not ineffective assistance of counsel.

Petitioner claims that his "presence denied in plea bargaining process" and that the "Federal Defender denied by participation in plea bargaining."[3]  Petitioner claims that his right to due process was violated.

Petitioner presumably refers to the apparent agreement that Petitioner would admit Charge 2 of the Superseding Petition in exchange for the dismissal of Charges 1 and 3 at the time of sentencing.  Petitioner cites none and the Court is unaware of any authority that a convicted defendant has any constitutional right to be present during plea negotiations between the prosecutor and defense counsel.

For the reasons stated:

---

[3]Petitioner also asserts that Magistrate Judge Snyder removed Petitioner from the courtroom during the examination of Ms. Garofalo during the sentencing hearing.  This claim for relief is moot because it was addressed by prior order that Petitioner's sentence was vacated and remanded for resentencing based of Petitioner's physical removal from the courtroom.

1. Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2. The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT.

IT IS SO ORDERED.

Dated:   September 11, 2008                    /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE