IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-02-5348 OWW |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| | ) | ORDER GRANTING ASSISTANT |
| Plaintiff/ | ) | FEDERAL DEFENDER WALCOTT'S |
| Appellee, | ) | MOTION TO WITHDRAW AS |
| | ) | COUNSEL (Doc. 124) AND |
| vs. | ) | DISMISSING APPELLANT'S |
| | ) | APPEAL (Doc. 110) AS MOOT |
| | ) | |
| WILLIAM D. POWELL, | ) | |
| | ) | |
| | ) | |
| Defendant/ | ) | |
| Appellant. | ) | |
| | ) | |

   Defendant William Powell, represented by Assistant Federal Defender Melody Walcott, appeals from his conviction and sentence following his admission to violating Charge 2 of the petition for violation of supervised release.  (Doc. 110).

   Ms. Walcott has filed a motion to be relieved as counsel of record, for appointment of new counsel and for a new briefing schedule.  (Doc. 124).  Contemporaneously with this motion, Ms. Walcott filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  Defendant filed a "Response to Motion to Dismiss

1

and Recommendation for Summary Judgment" (Doc. 129).

Defendant was charged with possession of a firearm in a federal facility, a Class A misdemeanor, in violation of 18 U.S.C. § 930(a).  Defendant consented to proceed before the United States Magistrate Judge.  (Doc. 4).  Defendant pleaded guilty pursuant to a written Plea Agreement.  (Docs. 24 & 26). Defendant was sentenced on September 17, 2003, to a $300 fine and a one-year term of supervised release.  (Doc. 30). Defendant did not appeal his conviction or sentence.

On June 14, 2004, a Petition for Warrant or Summons for Offender Under Supervision was filed.  (Doc. 32).  Defendant was arrested and ordered detained.  (Doc. 36).  Defendant was represented by Federal Defender Mark Lizarraga.  A Superseding Petition for Warrant or Summons for Offender Under Supervision was filed on October 6, 2004, alleging three violations of the terms of supervised release.  (Doc. 39).  On October 8, 2004, Defendant admitted Charge 2 of the Superseding Petition, with the proviso that Charges 1 and 3 would be dismissed at the time of sentencing.  (Doc. 40).  Charge 2 alleged:

> On or about March 29, 2004, in the City of Modesto, California, the offender contacted the victim named in a Stanislaus County Superior Court Domestic Violence Restraining Order, violating Section 166(a)(4) California Penal Code - Violation of a Court Order, in violation of Standard Condition Number 1 which states, 'The defendant shall not commit another federal, state or local crime.'

Submitted as evidence in support of Charge 2 was "Stanislaus County Superior Court, Docket Number 1073460, showing that on

2

April 6, 2004, the offender pled Nolo Contendere to 166(a)(4) PC - Violation of a Court Order."

Defendant filed a Sentencing Memorandum on December 1, 2004. (Doc. 68).  After a sentencing hearing on December 1, 2004 before Magistrate Judge Snyder, Defendant was sentenced to 9 months in custody and a 12-month term of supervised release.  (Docs. 69-70).  On December 7, 2004, Defendant filed an appeal to the District Court of his sentence based on a violation of Rule 43, Federal Rules of Criminal Procedure during the December 1, 2004 hearing.  (Docs. 71 & 77).  On June 16, 2005, Petitioner's appeal was granted; his sentence was vacated and the matter remanded for re-sentencing to a randomly assigned Magistrate Judge other than Magistrate Judge Snyder. (Docs. 87 & 96).

On February 1, 2006, Petitioner, then represented by Federal Defender Melody Walcott,[1] was sentenced by Magistrate Judge Beck for the admitted supervised release violation to 9 months in custody with 9 months credit for time served and no term of supervised release.  (Docs. 107 & 111).  On February 13, 2006, Petitioner filed a Notice of Appeal from the Judgment for Revocation of Probation.  (Doc. 110).

In support of the motion to be relieved as counsel, Ms. Walcott avers:

> 1.  The Federal Defender was appointed to represent Mr. Powell in the district court. Mark Lizarraga was appellant's counsel when

---

[1] **Federal Defender Walcott was substituted as counsel for Petitioner on October 21, 2005.  (Doc. 100).**

he entered his plea.  I represented Mr. Powell after the appeal to this Court regarding his sentencing on December 1, 2004.  I was present at all stages of the re-sentencing proceedings.

2.   I spoke with Mr. Powell on several occasions regarding his case.  I also communicated with Mr. Powell by letter and by email.  We discussed what he believed to be the issues in his case.  I also discussed what I believed was the appropriate resolution of the case.

3.   Besides speaking with Mr. Powell, I reviewed the discovery documents and the court file.  I further reviewed applicable legal materials to determine whether Mr. Powell had a reasonable defense to the supervised release violation.  I also spoke with Mark Lizarraga, who represented Mr. Powell in this matter from the filing of the information.

4.   Mr. Powell wanted to argue that the Court had the authority to and should prosecute individuals criminally for their actions at the time of his arrest, and that the Court had the authority and should order damages and other civil forms of relief for the action of law enforcement at the time of his arrest.

5.   At the re-sentencing, the Magistrate Court heard argument from Mr. Powell and from all parties regarding the proper resolution.  All parties agreed on the resolution.

6.   At re-sentencing, the Court heard Mr. Powell's arguments regarding criminal prosecution of the individuals involved in his arrest, and on the imposition of civil damages and other relief for the actions of the individuals at the time of his arrest.

7.   The Court imposed a sentence of time served and no supervised release.

8.   Notice of appeal was timely filed at Mr. Powell's request.

In Ms. Walcott's *Anders* brief, she presents the following issues on appeal:

> 1. Whether the Court properly declined to act on Mr. Powell's request for prosecution of individuals responsible for his injuries and/or to take any further action regarding damages for the injuries Mr. Powell alleges he suffered.
>
> 2. Whether the District Court [sic] erred in sentencing Mr. Powell to a no time, no supervised release sentence, when he had served a sentence of nine (9) months and complied with the conditions of supervised release for one year.
>
> 3. Whether there are any non-frivolous grounds for reversal of Powell's conviction and sentence. *Anders v. California*, 386 U.S. 738 ... (1967).

Under *Anders*, an appointed defense counsel for an indigent on direct appeal may inform the Court that all of the defendant's grounds for appeal are frivolous and may more to withdraw as counsel. Defense counsel must first file a so-called *Anders* brief "on behalf of the indigent defendant presenting the strongest arguments in favor of [his or her] client supported by citations to the record and to applicable legal authority." *United States v. Griffy*, 895 F.2d 561, 563 (9th Cir.1990). After receiving an *Anders* brief, "the court - not counsel - then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744. If the Court concludes that the appeal is frivolous, it may grant counsel's motion to withdraw and dismiss the appeal. "On the other hand, if it finds any of the legal points arguable

5

on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.*

The Court has reviewed the entire record in this action. Because Defendant completed serving the sentence imposed as a result of the revocation of the terms of his supervised release at the time he was sentenced, there ceased to be a justiciable case or controversy. *See Spencer v. Kemna*, 523 U.S. 1, 12-16 (1998); *United States v. Palomba*, 182 F.3d 1121, 1123 & n.3 (9th Cir.1999); *see also United States v. Fykes*, 249 Fed.Appx. 569 (9th Cir.2007); *United States v. Smith*, 2000 WL 1387622 (9th Cir.2000).[2]

ACCORDINGLY:

1. Assistant Federal Defender Melody Walcott's motion to

---

[2] **Defendant cannot collaterally attack his state court conviction in these proceedings, absent a showing that the prior conviction was obtained in violation of the defendant's right to appointed counsel. *See Custis v. United States*, 511 U.S. 485, 490-497 (1994); *United States v. Daniels*, 195 F.3d 501, 503 (9th Cir. 1999), *aff'd,* 533 U.S. 374 (2001); *Clawson v. United States,* 52 F.3d 806, 807 (9th Cir.), *cert. denied*, 516 U.S. 897 (1995). Defendant makes no such contention. Any remedy Defendant may have to challenge the legality of his state court conviction must proceed in a separate action pursuant to 28 U.S.C. § 2254 after first exhausting his state remedies. Defendant's appeal on this ground is without merit.**
**Further, Defendant cannot collaterally attack his underlying federal conviction for possession of a firearm in a federal facility in the supervised release revocation proceeding. He may only do so through a separate proceeding under 28 U.S.C. § 2255.**
**Defendant cannot collaterally challenge his state court conviction in this criminal proceeding on the ground that the arresting officers used excessive force in effecting his arrest. Defendant's remedy, if any, lies in a separate civil action in either state or federal court against the officers seeking either state or federal damages remedies.**

6

**withdraw as counsel is GRANTED;**

    **2.   Defendant's appeal is DISMISSED AS MOOT.**

IT IS SO ORDERED.

**Dated:   September 11, 2008**        **/s/ Oliver W. Wanger**
                                                    UNITED STATES DISTRICT JUDGE